**In the Matter of Patsy D. PHILLIPS, a/k/a d/b/a Market Fitness, Creekside Plaza, Second Wind, Debtor.**

**PROMENADE NATIONAL BANK, Appellant,**

**v.**

**Patsy D. PHILLIPS, Appellee.**

No. 87–1452.

United States Court of Appeals, Fifth Circuit.

May 6, 1988.

Paul W. Brown, David B. Seybold, Dallas, Tex., for appellant.

Mark E. Andrews, Charles S. Fuquay, Laura Worsham, Dallas, Tex., for appellee.

Before TIMBERS*, KING**, and HIGGINBOTHAM, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant Promenade National Bank (the "Bank") appeals from an order entered May 19, 1987 in the Northern District of Texas, Barefoot Sanders, *District Judge.* The order dismissed as moot the Bank's appeal from an order of the bankruptcy court denying the Bank's motion to dismiss the petition of the debtor, Patsy D. Phillips ("Phillips"). The Bank had moved to dismiss the debtor's petition on the ground that the debtor was ineligible under § 109(g)(2) of the Bankruptcy Code[1] because she voluntarily had dismissed a previous petition within 180 days.

On appeal, the Bank has claimed that the district court erred in dismissing its appeal as moot. The Bank reasons that the bankruptcy court lacked subject matter jurisdiction on the ground that Phillips was ineligible to be a debtor since she had failed to comply with § 109(g)(2). The Bank contends that it was unnecessary for it to obtain a stay of the bankruptcy court proceedings. The Bank also contends that the actions of Phillips' counsel were so egregious as to warrant sanctions under Bankruptcy Rule 9011 and 28 U.S.C. § 1927 (1982).

A federal appellate court must satisfy itself of its own jurisdiction, even if the parties have failed to raise the issue on appeal. On February 25, 1988, we requested the parties to submit supplemental letter briefs no later than March 7, 1988 to address the question whether we lacked appellate jurisdiction in accordance with *In the Matter of Greene County Hosp.*, 835 F.2d 589 (5th Cir.1988), decided eight days after the argument of the instant appeal.

After reviewing the supplemental letter briefs, we hold that we indeed do lack appellate jurisdiction, since the bankruptcy court's order from which the Bank appealed was not a final order, and the district court's order did not in any way "cure" this lack of finality. Accordingly, we dismiss the appeal for lack of appellate jurisdiction.

## I.

We summarize only those facts believed necessary to an understanding of the issues raised on appeal.

Phillips executed promissory notes in favor of the Bank on July 2, 1985 and August 6, 1985. She failed to repay the Bank when the notes matured. As a result, on April 30, 1986, the Bank commenced a state court action in the 101st Judicial District Court of Dallas County, Texas, to collect on the notes. The Bank did not serve Phillips with process in this action until May 10, 1986.

On May 5, 1986, before the Bank had served Phillips with process, Phillips filed a voluntary petition for relief under Chapter

---

* Of the Second Circuit, by designation.
** Formerly Judge Carolyn Dineen Randall.

1. Section 109(g)(2) of the Bankruptcy Code, 11 U.S.C. § 109(g)(2) (Supp. IV 1986), which until 1986 was codified at 11 U.S.C. § 109(f)(2), provides in relevant part:

   "(g) Notwithstanding any other provision of this section, no individual ... may be a debt-

   or under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

   ...

   (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

13 of the Bankruptcy Code ("Chapter 13 proceeding"). The automatic stay provided by § 362 of the Bankruptcy Code prevented the Bank from continuing with its state court litigation. The Bank was a creditor in the Chapter 13 proceeding.

Phillips also was indebted to a second creditor, American Savings & Loan Association ("American"), which had an interest in certain properties held by Phillips. According to Phillips, at the time she commenced the Chapter 13 proceeding, she believed that American already had foreclosed on those properties. On August 25, 1986, after Phillips had moved to convert the Chapter 13 proceeding to a Chapter 11 or Chapter 7 proceeding, American filed a motion for relief from the stay because it had not yet foreclosed on these properties. Phillips and American agreed to an order lifting the stay. On September 2, 1986, before the hearing on American's motion to lift the stay, Phillips filed a motion voluntarily to dismiss the Chapter 13 proceeding. The bankruptcy court granted this motion and entered its order of dismissal on September 8, 1986. As luck would have it, however, the agreed order lifting the stay was not signed by the bankruptcy judge until September 8 and was not entered until September 9, after the Chapter 13 proceeding had been dismissed.

On or about September 30, 1986, the Bank commenced another state court action. The Bank had been compelled to dismiss its previous state court action because of the stay. Phillips filed her answer to the second state court action on October 16, 1986. On October 24, 1986, Phillips was notified that this action was set for trial on January 26, 1987.

On November 5, 1986, Phillips filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code ("Chapter 7 proceeding"). This second filing took place less than 180 days after the Chapter 13 filing. On November 20, 1986, the Bank filed a motion to dismiss the debtor's petition on the ground that Phillips was not eligible to be a debtor under § 109(g)(2) because her second petition had been filed within 180 days of the filing of her first

petition and a creditor (American) had filed a motion to lift the automatic stay during the pendency of the Chapter 13 proceeding. At a hearing on this motion, held January 22, 1987, Phillips testified that she had not dismissed her Chapter 13 proceeding in order to frustrate or injure the Bank, and that she did not know at that time what had happened to the first state court action.

On February 12, 1987, the bankruptcy court denied the Bank's motion to dismiss the debtor's petition and filed findings of fact and conclusions of law. The court held that the Bank had not shown that Phillips had abused the bankruptcy system; that the Bank had not shown any prejudice resulting from the prior dismissal of the Chapter 13 proceeding; and that Phillips in effect had converted her Chapter 13 case to a Chapter 7 case.

The Bank did not file a complaint to determine the dischargeability of Phillips' debt although it had received notice of the April 6, 1987 discharge hearing, referred to below. According to Phillips, she then attempted to simplify the proceedings by agreeing to the entry of judgment against her in the Bank's state court action.

On February 20, 1987, the Bank filed a notice of appeal to the district court for the Northern District of Texas from the bankruptcy court's order denying the Bank's motion to dismiss the debtor's petition. The Bank, however, did not attempt to stay the bankruptcy proceeding pending appeal, as permitted under Bankruptcy Rule 8005. As a result, the bankruptcy proceeding continued. On April 6, 1987, Phillips was granted an order of discharge.

Although the bankruptcy court order from which the Bank had appealed was interlocutory, the Bank did not make a motion in the district court under 28 U.S.C. § 158(a) (Supp. III 1985) for leave to appeal from an interlocutory order of the bankruptcy court. On May 4, 1987, Phillips filed a motion to dismiss the Bank's appeal as moot (since she had obtained an order of discharge), but did not raise the issue of finality. Both parties apparently assumed the bankruptcy court order was final. On

May 19, 1987, the district court entered an order dismissing the appeal as moot. From that order this appeal was taken.

## II.

The issue of appellate jurisdiction arises in this case because the bankruptcy court's order, which denied a motion to dismiss for ineligibility of the debtor, was non-final. While the district court did not address this non-finality problem on appeal from the bankruptcy court, and dismissed the appeal on a different ground, we are required to address the issue of whether the original interlocutory nature of the bankruptcy order deprives us of jurisdiction.

■ Jurisdiction over appeals from the bankruptcy courts is governed by 28 U.S.C. § 158 (Supp. III 1985). Section 158(a), which governs the jurisdiction of the district courts over appeals from the bankruptcy courts, provides:

> "(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

Section 158(d), which governs appeals to the courts of appeals from district court orders with respect to bankruptcy appeals under section 158(a), provides in pertinent part:

> "(d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsection[ ] (a) ... of this section."

Thus, the district courts may hear appeals from final judgments of the bankruptcy courts or appeals from interlocutory orders, if they grant leave. As stated in *Greene County Hosp.*, however, we have jurisdiction only over final orders of the district court, and have no discretion to hear appeals from interlocutory orders.

*Greene County Hosp., supra,* 835 F.2d at 591.

The statute and the decision in *Greene County Hosp.* leave one important matter unclear: whether the courts of appeals have jurisdiction to hear an appeal when the bankruptcy court order was *interlocutory,* but the district court (which entertained the appeal either by granting its leave or through error) subsequently entered a *final* order. Section 158(d) provides only that the courts of appeals have jurisdiction over appeals from all "final" decisions entered under section 158(a). This is not particularly helpful. Similarly, the impact of our holding in *Greene County Hosp.* might be said to be somewhat unclear.

In *Greene County Hosp.,* we addressed the question whether a district court decision that ordered a remand could be considered a "final" decision. We held that a two step inquiry was necessary to make this determination:

> "First, we must ask whether the order of the bankruptcy court itself is final in character, and second, *if it is,* we must ask if the remand by the district court requires extensive further proceedings. *The answer to the first question must be in the affirmative* while the answer to the second question must be in the negative."

*Greene County Hosp., supra,* 835 F.2d at 595 (citations omitted) (emphasis added).

This language, especially the emphasized portions, strongly suggests that a party wishing to establish appellate jurisdiction must show *first* that the bankruptcy court's order was final, and that, if the bankruptcy court's order was *not* final, there is no need to reach the second step because the party wishing to establish jurisdiction already has failed the test. This is the interpretation Phillips urges in her supplemental letter brief. A closer reading of our decision in *Greene County Hosp.,* however, as well as other cases addressing the issue, shows that the interpretation urged by Phillips, while functionally accurate, is somewhat reductionistic in its char-

acterization of the state of the law in our circuit.

First, we also stated in *Greene County Hosp.* that "[a] final order of the district court is always appealable." *Id.* at 591 n. 8. This appears to be at odds with Phillips' reading of the two step test, since under her reading a final order of a · district court would *not* be appealable if the underlying bankruptcy order were interlocutory. While it is true that in *Greene County Hosp.*, we quoted *In re Delta Services,* 782 F.2d 1267, 1268 (5th Cir.1986), for the proposition that "We have jurisdiction only if the underlying bankruptcy court order was final," we also added "But an interlocutory appeal may gain finality at the district court level if the district court's order leaves nothing for the bankruptcy court to do but enter the final order." *Greene County Hosp., supra,* 835 F.2d at 591 n. 9, citing *In re Bowman,* 821 F.2d 245, 246 (5th Cir.1987); *In the Matter of Ben Hyman & Co.,* 577 F.2d 966, 968 (5th Cir. 1978). Finally, in discussing a split in the circuits on the issue of whether it is the bankruptcy court's order or the district court's order that determines finality, we graphically represented the law in our circuit as permitting an appeal when the bankruptcy court's order was not final but the district court's order was final. *Greene County Hosp., supra,* 835 F.2d at 594 n. 20. Thus, our statements in *Greene County Hosp.* on the issue of the appealability of a case in which the district court order but not the bankruptcy court order was final, might be said to be somewhat ambiguous and open to misinterpretation.

The ambiguity stems in part from the fact that *Greene County Hosp.* addressed a different issue. In *Greene County Hosp.,* we were concerned with the question whether a district court's order could be characterized as "final" when it required some further proceedings on remand. The focus thus was on whether certain district court orders could be final *even if* the underlying bankruptcy court order was final. It is because of this focus that the two step test seems to require the underlying bankruptcy court order always to be final, and that a party wishing to

establish jurisdiction must demonstrate first that the bankruptcy court order is final before proceeding to the second step.

As indicated by a review of our earlier cases, however, the rule actually is somewhat different. Generally, in our circuit, for the courts of appeals to have jurisdiction over an appeal, the underlying bankruptcy court order must have been final. *Delta Services, supra,* 782 F.2d at 1268; *see In re Moody,* 817 F.2d 365, 366 (5th Cir. 1987) ("if the bankruptcy court order was indeed interlocutory, the district court's denial of leave to appeal would also be interlocutory and hence unappealable as well"). *Accord, In re American Colonial Broadcasting Corp.,* 758 F.2d 794, 800 (1st Cir. 1985); *In re Tidewater Group, Inc.,* 734 F.2d 794, 796 (11th Cir.1984). In *Delta Services* we relied, among other cases, upon *In re Cash Currency Exchange,* 762 F.2d 542 (7th Cir.), *cert. denied,* 474 U.S. 904 (1985), which stated that, "This court and others have held that a district court's decision on an appeal from a bankruptcy court's interlocutory order generally is not a final order for purposes of further appellate review...." *Id.* at 545. In a footnote, the *Cash Currency* court noted that:

> "There are some exceptions to this rule. In some instances, the action taken by the district court may transform an interlocutory order of the bankruptcy court into a final order for the purpose of appellate review by this court. An obvious example would be an order by the bankruptcy court denying a motion to dismiss the proceedings for lack of jurisdiction. If on appeal the district court determined that the bankruptcy court lacked jurisdiction and reversed this order, the decision of the district court would be a final appealable order. Similarly, although a bankruptcy court order granting intervention is interlocutory, a district court decision reversing this order and denying intervention would be a final appealable order."

*Id.* at 545 n. 3. Thus, following *Cash Currency,* the general rule is that a court of appeals lacks jurisdiction unless the district court order in some sense "cures" the non-

finality of the bankruptcy court order, such as when the district court reverses a bankruptcy court order that had denied a motion to dismiss for lack of subject matter jurisdiction.

Applying this rule to the instant case, we perceive that if (1) the bankruptcy court's order denying the Bank's motion to dismiss the petition for debtor ineligibility under § 109(g) was interlocutory, and (2) the district court's order dismissing the appeal as moot did not cure this non-finality, then we ourselves must dismiss the appeal for lack of appellate jurisdiction. We therefore must resolve the question of whether the bankruptcy court order was interlocutory and, if so, whether the district court order cured that defect.

We hold first that the bankruptcy court order indeed was non-final. While the law on finality of bankruptcy orders, in the past, often has turned on difficult and fine distinctions, *see generally Greene County*

*Hosp., supra,* at 1321–24, today, especially in the instant case, the applicable law is fairly clear. As we held in *Delta Services, supra,* "the courts of appeals have considered bankruptcy court orders that constitute only a preliminary step in some phase of the bankruptcy proceeding and that do not directly affect the disposition of the estate's assets interlocutory and not appealable." 782 F.2d at 1270–71. Under this standard, an order appointing an interim trustee is not final. *Id.* Nor is an order denying a motion to dismiss for lack of subject matter jurisdiction. *Catlin v. United States,* 324 U.S. 229, 232 (1945); *Greene County Hosp., supra,* 835 F.2d at 595–96.

▇▇ While the instant case did not involve a denial of a motion to dismiss for lack of subject matter jurisdiction, but rather a denial of a motion to dismiss based on the defense that the debtor was ineligible,[2] we nevertheless are convinced that

---

**2.** The Bank had argued that eligibility under § 109(g) raised an issue of subject matter jurisdiction. We disagree. The Bank cited several bankruptcy court cases stating or assuming that whether a person is eligible under § 109(g) is jurisdictional. *E.g., In re Denson,* 56 B.R. 543, 545–46 (Bankr.N.D.Ala.1986); *In re Kinney,* 51 B.R. 840 (Bankr.C.D.Calif.1985); *In re Keziah,* 46 B.R. 551, 554 (Bankr.W.D.N.C.1985).

Numerous other courts, however, have concluded that the eligibility issue is not jurisdictional. *E.g., In re Jarvis,* 78 B.R. 288, 289 (Bankr.D.Ore.1987); *In re Republic Trust & Sav. Co.,* 59 B.R. 606, 609 n. 1 (Bankr.N.D.Okla. 1986); *In the Matter of Patton,* 49 B.R. 587, 588–89 (Bankr.M.D.Ga.1985); *In re Johnson,* 13 B.R. 342, 346 (Bankr.D.Minn.1981); *see also In re Keul,* 76 B.R. 79, 80–81 (Bankr.E.D.Pa.1987) (noting split of authority on issue of whether court has discretion); *In re Lambert,* 43 B.R. 913, 923 n. 11 (Bankr.D.Utah 1984) (asserting "question remains open" as to whether ineligibility deprives court of jurisdiction).

Moreover, the courts holding that the issue is not jurisdictional generally have engaged in an analysis of the issue, while the courts holding that it is a matter of jurisdiction have not. For example, in *In re Republic Trust & Sav. Co., supra,* 59 B.R. at 609 n. 1, the court stated: "In a sense, every decision by a court to grant or withhold relief involves 'jurisdiction'—its exercise not its lack. Cases can be dismissed, and relief withheld, for reasons other than lack of subject-matter jurisdiction. 11 U.S.C. § 109 collects several such reasons, whose non-jurisdictional character may be indicated by examples."

As stated by the court in *In re Johnson, supra,* 13 B.R. at 346, subject matter jurisdiction of the bankruptcy court comes from 28 U.S.C. § 1471 and 28 U.S.C. § 157, which provide that the bankruptcy courts shall have exclusive jurisdiction of all cases arising under Title 11. On the other hand, issues pertaining to whether a debtor meets the requirements of § 109(g)(2) only "determine whether or not the court must dismiss the case. They are factual or legal questions which the court must determine. They are the issues raised by the pleadings. They are defenses not jurisdictional requirements." *Id.*

The Bank has cited one case that states that if Congress had wished to grant the bankruptcy court discretion,

"it would have placed the 180 day rule in a Code section other than § 109. For example, § 109(f) could have been made a part of § 707, § 1112, or § 1325 thereby giving the Courts the opportunity to exercise discretion in the application of its provisions. However, § 109 is a part of the eligibility (to be a debtor) section which involves the subject matter jurisdiction of this Court. The 180-day rule having been placed there, the Court has no choice but to apply it; for indeed, it lacks the power to do otherwise."

*In re Keziah, supra,* 46 B.R. at 554. The *Keziah* court reasoned that it is unlikely that Congress would have made the rule part of the eligibility requirement (which it *assumes* is a jurisdictional requirement), had Congress intended to grant the bankruptcy court discretion. It is even more unlikely, however, that, had Congress intended to create a jurisdictional statute, it would

the instant order was non-final. Like an order that determines that the bankruptcy court has jurisdiction, an order determining that a debtor is eligible allows the bankruptcy proceedings to continue. It thus is a "preliminary step in some phase of the bankruptcy proceeding," and does not "directly affect" the disposition of the estate's assets. We therefore conclude that the bankruptcy order here was non-final.

 We also conclude that the district court order was not of such a nature that it could "cure" the non-finality of the bankruptcy court order. The district court dismissed the appeal as moot because, while the Bank was appealing the interlocutory order, the bankruptcy proceedings continued and culminated in an order of discharge for Phillips. The district court's order merely recognized this fact, and the fact that any decision it rendered would serve no purpose because the order would not afford the Bank any relief. The district court order therefore simply does not fit within the exceptions noted in *Cash Currency, supra:* in those exceptions the district court order in effect "undid" the non-finality below, for example by changing a non-final order holding subject matter jurisdiction to be present to a final order holding jurisdiction to be lacking. The district court order here did not "undo" the

non-finality of the bankruptcy court order. In dismissing the appeal as moot, the district court simply recognized that further proceedings were unnecessary. As a result, we conclude that we lack appellate jurisdiction.

### III.

To summarize:

We hold that we lack appellate jurisdiction because the bankruptcy court's order was not final and the district court's order, dismissing the appeal as moot, did not cure this lack of finality.

In view of this holding of course it is neither necessary nor appropriate to rule upon the Bank's request for sanctions.

**APPEAL DISMISSED.**

---

not have framed § 109(g)(2) in terms explicitly referring to jurisdiction instead of referring only to eligibility. It also is unlikely that, had Congress intended that the bankruptcy courts would lack jurisdiction when a debtor was ineligible, it would have provided creditors with the alternative procedures of: (1) objecting to discharges of ineligible debtors pursuant to §§ 523 or 727 of the Bankruptcy Code; or (2) appealing the denial of a motion to dismiss the petition and simultaneously staying any further proceedings pursuant to Bankruptcy Rule 8005.

To hold that the issue of debtor eligibility implicates subject matter jurisdiction would

have far-reaching consequences. If eligibility raised an issue of subject matter jurisdiction, the parties could not expressly waive, or be held to have waived, their objections on the issue. *E.g., Sosna v. Iowa,* 419 U.S. 393, 398 (1975); *Mitchell v. Maurer,* 293 U.S. 237, 244 (1934). More important, the issue may, and indeed must, be raised on appeal, even on the court's own motion. *Sumner v. Mata,* 449 U.S. 539, 547 n. 2 (1981). *See also* Fed.R.Civ.P. 12(h)(3).

In short, a closer analysis of the question indicates that eligibility does not raise an issue of subject matter jurisdiction.