UNITED STATES of America, Plaintiff,

v.

Stanley John EDMONSTON, and Carla Marie Edmonston, dba Rollins & Edmonston Custom Harvesting, Defendants.

No. CV-F-88-603 REC.

United States District Court,
E.D. California.

April 14, 1989.

that the debtors' unsecured debts exceeded $100,000.00.

**996**

Jeffrey Eisinger, Asst. U.S. Atty., Fresno, Cal., for plaintiff.

Hagop T. Bedoyan, Ryder & Walter, Fresno, Cal., for defendants.

M. Nelson Enmark, Fresno, Cal., Trustee.

## DECISION AND ORDER RE APPEAL OF BANKRUPTCY COURT'S ORDER

COYLE, District Judge.

On April 3, 1989 the court heard the Small Business Administration (SBA) appeal an order of the Bankruptcy Court, Judge Dorian, that denied its motion to dismiss a Chapter 13 case. 99 B.R. 993 (Bkrtcy.E.D.Cal.1988). Judge Dorian held the amount of a secured debt beyond the security does not count towards the $100,000 unsecured debt limitation for Chapter 13, 11 U.S.C. § 109(e). Upon due consideration of the record and arguments of the parties, the court affirms for the reasons herein.

Section 109(e) provides, in part, that "only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debt of less than $100,000 and noncontingent, liquidated, secured debt of less than $350,000, . . . may be a debtor under chapter 13 of this title." The scheduled filed by the debtor listed a debt to the SBA of $143,000 on a single obligation that was secured by collateral having value of $25,-000. Debts to other creditors of approximately $38,000 were listed as unsecured without priority.

The SBA filed a motion to dismiss pursuant to section 109(e) four months after the plan was confirmed by the bankruptcy court. The Chapter 13 trustee filed a plan on September 3, 1987. A confirmation hearing was held on October 13, 1987 and the plan was approved at that time. The SBA filed its motion to dismiss on February 11, 1988.

The SBA argued in its motion to dismiss the Chapter 13 case that the plan was improperly confirmed because according to 11 U.S.C. § 506(a) the portion of debt of a secured debt beyond the value of the collateral is unsecured and that when this amount is included for section 109(e) eligibility, the unsecured debt would exceed $100,000. Judge Dorian denied the motion to dismiss, basing his decision on *In re Morton*, 43 B.R. 215 (Bkrtcy.E.D.N.Y.1984) which held the unsecured portion of the secured debt should not be considered in determining the section 109(e) limitation because of the need for expedient action under Chapter 13.

The SBA states that the issue on appeal is whether the unsecured portion of a "secured" claim should be counted toward the $100,000 unsecured limitation for Chapter 13 eligibility. The debtor and trustee have raised an additional issue on appeal— whether a creditor may after confirmation of a plan, motion to dismiss the Chapter 13 case. They contend that the $100,000 limitation is an eligibility requirement, not jurisdictional, and once the court confirmed the plan, the creditor cannot raise the issue of noncompliance with section 109(e).

The SBA states the trustee and debtor cannot raise this issue because it appealed Judge Dorian's ruling that "no part of a secured debt, whatever the disparity between the amount of the debt and the value of the collateral, is to be considered in computing the amount the unsecured debt for purposes of Chapter 13 eligibility." The SBA states that if the trustee and debtor wanted this court to consider the issue of whether an order of confirmation

bars further inquiry regarding Chapter 13 eligibility, they should have filed a cross-appeal. The SBA states the general rule holds that an appellee must cross-appeal if he or she seeks to modify the judgment below. *Brookfield Production Credit Association v. Borron*, 36 B.R. 445 (E.D.Mo. 1983).

The court holds the trustee and debtor can raise the issue of the effect of confirmation on the ability of the SBA to dismiss a Chapter 13 plan. They raised the issue in their opposition to the motion to dismiss and are only proposing an alternative ground upon which to affirm the denial of the motion to dismiss. The debtor and trustee does not seek to modify the judgment below. Therefore, the issue can be raised on appeal.

The standard of review for appeals of bankruptcy court decisions is set forth in Bankruptcy Rule 8013 which states findings of act shall not be set aside unless clearly erroneous. However, conclusions of law are subject to de novo review, *In re Bialac*, 712 F.2d 426, 429 (9th Cir.1983). Both issues before this court are issues of law; therefore, they are subject to independent determination.

### A. *$100,000 Limitation—Jurisdictional or Eligibility.*

The Chapter 13 plan was confirmed on October 13, 1987. Trustee and debtor argue that any challenges to their ability to proceed under Chapter 13 should have been raised at that time because the $100,000 limitation is an eligibility requirement which if not raised is waived. They dispute the SBA's contention that the $100,000 limitation is a jurisdiction requirement that could be asserted at any time and could not be waived.

There are two statutes in the Bankruptcy Code that allow an interested party to dismiss a confirmed Chapter 13 plan: 11 U.S.C. sections 1307(c) and 1330(a). Section 1307(c) provides on request of a party in interest the court may dismiss a case or convert a case to Chapter 7 for "cause". Section 1330(a) provides "on request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after a notice and a hearing the court may revoke such order if such order was procured by fraud."

First, it is clear that the SBA cannot motion to revoke the confirmation pursuant to section 1330(a). In order to revoke a confirmed plan pursuant to this section there must be a showing the confirmation was procured by fraud. *In re Moseley*, 74 B.R. 791, 803 (Bkrtcy C.D.Cal.1987). In *In re Edwards*, 67 B.R. 1008 (Bkrtcy.D.Conn. 1986), a creditor motioned to revoke a confirmed plan pursuant to § 1330(a) after a confirmation hearing was held. The creditor argued that the debtor committed fraud when she testified concerning the value of the property. The court refused to revoke confirmation because there was no showing of fraud. The court stated:

> The plaintiff had an opportunity to bring evidence to the confirmation hearing to challenge the debtor's property evaluation, her compliance with the good faith requirement, and the best interest of creditors' test, but failed to do so. Now, the plaintiff, in the name of equity, as its counsel argues, wants to undo the confirmation order, having failed to participate in the confirmation process or appeal from the result. Under these circumstances, the only issue is fraud, and that issue requires, inter alia, a finding of guilty knowledge. No such finding may be made on evidence presented at this proceeding.

The SBA does not contend the trustee or debtor committed fraud in obtaining confirmation of the plan. In fact, the basis of its motion to dismiss, failure to comply with section 109(e), is evident from the face of the debtor's schedule. Section 1330(a) cannot provide a basis for revocation of the plan or to dismiss the Chapter 13 case.

In regard to the second statute in question, section 1307(c), the issue presented is not whether there has been fraud by the debtor, but whether failure to comply with the limitation is "cause" for dismissal. Section 1307(c) has been applied twice to dismiss confirmed plans where the $100,000 limitation was exceeded. *In re Koehler*, 62

B.R. 70 (Bkrtcy.D.Neb.1986); *In re Dobkin*, 12 B.R. 934 (Bkrtcy.N.D.Ill.1981). In *Koehler*, the debtor filed a Chapter 13 petition which listed $173,000 of debt which was secured by collateral valued at $57,000. The court dismissed the confirmed Chapter 13 plan pursuant to section 1307(c) the petition and schedule filed with the court clearly showed the debtor was not entitled to Chapter 13. The court stated that although the creditor did not object to confirmation he did not waive his right to raise the issue because it was jurisdictional. The court equated the $100,000 limitation for Chapter 13 to the $10,000 amount in controversy minimum in diversity cases.

The debtor argued that the confirmation occurred several months previously, that the plan had been acted upon and that it would be extremely detrimental and unfair. The court replied that these arguments would probably be persuasive if the bankruptcy court held a hearing prior to confirmation, but the court did not have an opportunity to make an actual determination prior to confirmation.

The second case, *Dobkin*, similarly held a Chapter 13 plan could be dismissed for failure to comply with the unsecured debt limitation. The debtors' original petition listed $99,900 of noncontingent debt. The plan was confirmed and four months later the debtor amended the Chapter 13 schedule by adding unsecured claims that pushed the unsecured debt over $100,000. The court found there was "cause" to dismiss the debtor's case pursuant to section 1307(c) because the debtor was not eligible for Chapter 13. The court stated the debtor failed to introduce any credible evidence to explain the failure to list the subsequent creditors and could not avoid the express language of section 109(e) by subterfuge.

The court is not persuaded by either case and finds both are distinguishable based on their facts. *Dobkin* is not controlling because the debtors obtain confirmation by not including all creditors. *Koehler* is distinguishable because in the present case a confirmation hearing was held. The docket sheet shows that the bankruptcy court held a confirmation hearing on the plan on October 13, 1987. After the hearing entry there is stamped "Heard and Confirmed".

■ The court holds that under the present circumstances the SBA cannot, four months after confirmation, move to dismiss based on the Chapter 13 unsecured debt limitation. There is no "cause" for dismissal because noncompliance with the requirements of Chapter 13 is evident from the face of the petition and the creditors could have opposed the confirmation of the plan at the hearing.

Further support for the position that the $100,000 limitation is an eligibility requirement and noncompliance cannot be raised after confirmation is found in section 1327(a). That section states "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan." This section has been interpreted to mean an order of confirmation in chapter 13 case is to be given res judicata effect as to those issues that were decided, or could have been decided at the time of confirmation. *In re Guilbeau*, 74 B.R. 13 (Bkrtcy. W.D.La.1987). An implicit determination in the bankruptcy court's conformation of the plan was the debtor's eligibility for chapter 13. Thus, there is res judicata effect which precludes challenges to the debtor's eligibility.

Additionally, Collier on Bankruptcy provides authority for the debtor and trustee's position:

It is quite clear that the binding effect of a chapter 13 plan extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order, including whether the plan complies with section 1322 and 1325 of the Bankruptcy Code. For example a creditor may not after confirmation assert ... that the debtor is ineligible for chapter 13 relief.

5 L. King, Collier on Bankruptcy § 1327.01 (15th ed.1987).

Although Judge Dorian denied the motion to dismiss based on the merits, the judgment is affirmed because the SBA can-

not, four months after a confirmation hearing, raise the issue that the debtor was ineligible for Chapter 13. Such a challenge is precluded by the doctrine of res judicata unless there is a showing of fraud by the debtor. Because there is no showing of fraud the court affirms the Bankruptcy Court's denial of the SBA's motion to dismiss.

**B.** *Whether Unsecured Portion Counted Towards Limit.*

 The court does not determine SBA's appeal of the Bankruptcy Court's order based on its contention Judge Dorian incorrectly determined the issue of the unsecured debt limitation, but notes there is no Ninth Circuit case on point and that there are two competing lines of authority. Judge Dorian applied the minority test as stated in *In re Morton,* 43 B.R. 215 (Bkrtcy.E.D.N.Y.1984) which held that the unsecured portion of a debt as to which the creditor holds some collateral is not to be included in the $100,000 computation because this approach avoids undue delays which extended hearings on valuation could cause and preserves congressional intent of the availability of Chapter 13 over Chapter 7.

The majority view, which the SBA requested this court to adopt, holds that pursuant to section 506 the unsecured portion of a secured debt is included in the Chapter 13 limitation. *In re Matter of Day,* 747 F.2d 405 (7th Cir.1984). The *Day* court found that courts should examine the true value of collateral securing a debt when evaluating Chapter 13 relief under section 109(e). The court, relying upon similar cases stated:

> These decisions avoid the temptation to raise form over substance and represent a common-sense solution to a statutory interpretation problem not considered by congress. *Id.,* at 407.

The reason for allowing courts to look beyond schedules and petitions is to prevent a debtor from circumventing the rules. If the court could not examine the value of the collateral, a debtor could file unsecured debt of $99,999, an amount within section 109(e) limitations, without the creditors being able to dismiss the Chapter 13. See also *In re Bobroff,* 32 B.R. 933 (Bkrtcy.E.D.Pa.1983); *In re Potenza,* 75 B.R. 17 (Bkrtcy.D.Nev.1987); and *In re Martin,* 78 B.R. 928 (Bkrtcy.S.D.Iowa 1987).

The court does not agree with the Bankruptcy Court that the *Morton* test is the proper one for Chapter 13 eligibility because section 506 clearly indicates that the unsecured portion of a secured debt should be treated as an unsecured claim. The court is unconvinced that the section 506 approach will cause excessive delays in chapter 13 proceedings. However, the Bankruptcy Court's order denying the motion to dismiss is affirmed because the SBA waived its right to challenge Chapter 13 eligibility by failing to oppose the confirmation.

ACCORDINGLY, IT IS ORDERED that the bankruptcy court's order denying the SBA's Motion to Dismiss is affirmed. The SBA has not met its burden of showing there was fraud in the confirmation hearing and ineligibility for Chapter 13 is not "cause" for purpose of section 1307(a) where a confirmation hearing was held.