**In re Athanassios NIKOLOUTSOS, Debtor.**

**Bankruptcy No. 95–10460.**

United States Bankruptcy Court, E.D. Texas, Beaumont Division.

May 14, 1996.

Frank J. Maida, Beaumont, Texas, for Debtor.

Thomas J. Sibley, Beaumont, Texas, for Wanda Nikoloutsos.

---

## ORDER DENYING MOTION TO CONVERT OR DISMISS

HOUSTON ABEL, Chief Judge.

Before the Court is a Motion To Convert Or Dismiss ("Motion") filed by Wanda Nikoloutsos ("Wanda"), the former wife of the Debtor. Wanda asserts that because she was awarded a judgment in the total amount of $863,440.00 against the Debtor, the Debtor's total unsecured claims exceed the debt eligibility limitations in 11 U.S.C. § 109(e). Thus, Wanda asserts that the Debtor is jurisdictionally prohibited from being a Chapter 13 debtor and therefore "cause" exists for the case to either be converted to Chapter 7 or dismissed.[1] *See* 11 U.S.C. § 1307(c). The Debtor's answer asserts that the Motion is untimely because the Motion was filed after the Court confirmed the Debtor's Chapter 13 Plan.

### *JURISDICTION*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).

### *BACKGROUND*

1. On May 12, 1995, a state court entered a judgment against the Debtor in the total amount of $600,000.00. The judgment is based on a jury's finding that the Debtor had "maliciously assaulted" Wanda.

2. Three days later on May 15, 1995, the Debtor filed for relief under Chapter 7 of Title 11.

3. On May 16, 1995, the Court entered an order lifting the automatic stay to permit the state court to proceed with the issue of whether exemplary damages should be awarded.

4. On June 14, 1995, the state court entered an amended judgment based on the jury's awarding of exemplary damages. The amended judgment is in the amount of $863,440.00 and includes actual and exemplary damages as well as prejudgment interest.

5. On July 6, 1995, the Debtor filed a Motion to Convert Chapter 7 to Chapter 13 ("Motion to Convert") pursuant to 11 U.S.C. § 706(a). An order converting the case was entered on July 10, 1995. No appeal of the conversion order was filed.

6. On July 20, 1995, Wanda filed an objection to the Motion to Convert. In the objection, Wanda asserted that the Debtor was ineligible for Chapter 13 because his unsecured debts exceeded the limitations in § 109(e). Wanda further asserted that because the state court judgment is nondischargeable in either Chapter 7 or Chapter 13, the Motion to Convert was not filed in good faith and thus should be denied. Since the Court had granted the Motion to Convert prior to the filing of the objection, the Court took no action on the objection.[2]

7. On August 2, 1995, Wanda filed a Motion for Dismissal. In the Motion for Dismissal, Wanda asserted that the case should be dismissed because the $863,440.00 judgment "is not dischargeable under Chapter 7 or Chapter 13". After a hearing on the Motion for Dismissal held on September 5, 1995, the Motion for Dismissal was denied. An order denying the Motion for Dismissal was entered on January 5, 1996. No appeal of the order denying the Motion for Dismissal was filed.

8. On October 4, 1995, Wanda filed a complaint to determine the dischargeability

---

1. Section 1307(c) provides that on request of a party in interest a court for "cause" may convert the case to Chapter 7 or dismiss the case, whichever is in the best interest of creditors and the estate. Because Wanda makes no assertion that the order confirming the Debtor's Chapter 13 Plan was procured by fraud, 11 U.S.C. § 1330(a) is not applicable to the issue before the Court.

2. Wanda asserted at the hearing on the Motion that because the objection was filed after the entry of the order converting the case to Chapter 13, the objection has never been ruled upon by the Court and is thus still valid. This assertion completely ignores the fact that the Court already granted the relief that Wanda objected to—conversion to Chapter 13. Accordingly, Wanda's objection did not preserve the issue of eligibility. For Wanda to have properly preserved the issue, she should have filed either a timely motion to reconsider the order of conversion, a timely notice of appeal of the order of conversion, or a timely motion to dismiss or convert case to Chapter 7.

of the $863,440.00 judgment (Adversary Proceeding No. 95–1077), asserting that the judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

9. The bar date to file a proof of claim was December 6, 1995. No formal proof of claim was filed by Wanda prior to the bar date.

10. On January 10, 1996, the confirmation hearing on the Debtor's Chapter 13 Plan ("Plan") was held. The Plan proposed to pay $205.00 per month over a term of 36 months. The Plan provided that all unsecured claimants with timely filed claims will be paid by the Chapter 13 Trustee after creditors holding superior claims are paid in full.[3] The Chapter 13 Trustee supported confirmation of the Plan. Wanda filed the only objection to the Plan asserting that the Court should delay confirmation until after the Court determines the dischargeability of the $863,440.00 judgment. Because no meritorious objection to the Plan was raised, the Court confirmed the Plan. The Order Confirming the Debtor's Plan and Related Orders was entered on January 11, 1996. No appeal of the confirmation order was filed.

11. On March 15, 1996, the Debtor filed a Motion for Summary Judgment in Adversary Proceeding No. 95–1077 asserting that the proceeding should be dismissed because § 523(a)(6) claims are not excepted from the Debtor's discharge pursuant to 11 U.S.C. § 1328(a)(2).

12. On April 5, 1996, in response to the Motion for Summary Judgment, Wanda filed the Motion.

---

**3.** The only creditor listed in the Plan with a superior claim is the Debtor's attorney.

**4.** Wanda cited *In re Hammers*, 988 F.2d 32 (5th Cir.1993) for the proposition that the issue of whether eligibility is jurisdictional is an open question in the Fifth Circuit. In *Hammers*, the Fifth Circuit specifically stated that it was not deciding "whether section 109(e) is jurisdictional in nature." *Hammers*, 988 F.2d at 35 n. 11. Although the Fifth Circuit in *Hammers* did not address the issue, the issue was addressed by the Fifth Circuit in *In re Phillips*, 844 F.2d 230 (5th Cir.1988). In *Phillips*, the Fifth Circuit concluded that § 109 is not jurisdictional. *Phillips*, 844 F.2d at 236 n. 2. Because *Phillips* was decided by a prior panel for the Fifth Circuit, the issue of

## ANALYSIS

Section 109(e) provides in relevant part:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000.00 ... may be a debtor under chapter 13 of this title.

A majority of courts hold that the eligibility limitations under § 109 are not jurisdictional and the Court subscribes to that view as well. *E.g., Rudd v. Laughlin*, 866 F.2d 1040, 1041 (8th Cir.1989); *In re Phillips*, 844 F.2d 230, 236 n. 2 (5th Cir.1988) ("eligibility does not raise an issue of subject matter jurisdiction"); *In re Jones*, 134 B.R. 274, 280–81 (N.D.Ill. 1991); *United States v. Edmonston*, 99 B.R. 995, 999 (E.D.Cal.1989); *In re Toronto*, 165 B.R. 746, 756 (Bankr.D.Conn.1994); 1 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 1.30 (1994). *But see In re Bush*, 120 B.R. 403, 405 (Bankr.E.D.Tex.1990) (Sharp, J.) (states that § 109(e) establishes "jurisdictional" limits).[4] Accordingly, the issue of eligibility may be waived if not timely raised. Because a bankruptcy court makes an implicit determination that a debtor is eligible for Chapter 13 when confirming a Chapter 13 plan,[5] challenges to eligibility must be made no later than confirmation. Failure to timely raise the issue of eligibility will bar a creditor from raising the issue after confirmation because an order confirming a Chapter 13 plan is "res judicata as to all justiciable issues decided or which could have been decided at the hearing on confirmation." *Jones*, 134 B.R. at 277

---

whether eligibility is jurisdictional is not an open issue in this circuit. *See Kaepa, Inc. v. Achilles Corporation*, 76 F.3d 624, 627 n. 12 (5th Cir. 1996) (the Fifth Circuit noted that it followed a "strict *stare decisis* policy" regarding prior panel decisions); *Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.*, 55 F.3d 181, 185 (5th Cir.1995) ("one panel cannot overturn the decision of a prior panel in the absence of *en banc* reconsideration or a superseding Supreme Court decision").

**5.** Pursuant to 11 U.S.C. § 1325(a)(1), a bankruptcy court may only confirm a plan if "the plan complies with the provisions of this chapter and with the other applicable provisions of this title".

(quoting *In re Guilbeau,* 74 B.R. 13, 14 (Bankr.W.D.La.1987)); *Edmonston,* 99 B.R. at 998; 5 COLLIER ON BANKRUPTCY ¶ 1327.01 (15th ed. 1995) ("a creditor may not after confirmation assert that the . . . debtor is ineligible for chapter 13 relief"); 1 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 1.32 (1994) ("failure to challenge eligibility before the confirmation order becomes final will be conclusive of the debtor's eligibility"). Otherwise, a creditor could challenge a debtor's eligibility after confirmation in an attempt to collaterally attack the confirmed plan.[6]

In the case *sub judice,* Wanda failed to fully prosecute her initial objection to the Debtor's eligibility at the time the case was converted to Chapter 13 and she failed to reargue her objection to eligibility at the confirmation hearing. Because the issue of eligibility was not fully prosecuted by Wanda either prior to or at the confirmation hearing, the issue has been waived. Wanda's failure, however, to timely prosecute the issue of eligibility is not the result of any improper conduct by the Debtor but the result of Wanda "sleeping" on her legal rights. It is evident to the Court that Wanda did not realize the broad scope of a Chapter 13 discharge until after the Plan was confirmed and that she filed the Motion in a desperate attempt to prevent the Debtor from discharging her $863,440.00 unsecured claim. Wanda's misunderstanding of a Chapter 13 discharge was demonstrated by her repeated assertions that because her claim is nondischargeable pursuant to § 523(a)(6), the claim may not be discharged in Chapter 13. However, § 1328(a) clearly permits this type of claim to be discharged. The Motion is clearly an impermissible collateral attack by Wanda on the confirmed Plan.

Wanda's assertion that the Motion is timely because her unsecured claim was not specifically addressed in the Plan is rejected by the Court. Although it is true that Wanda's unsecured claim is not specifically listed in the section of the Plan providing for payments to unsecured creditors, the failure to specifically list Wanda's name as an unsecured creditor does not support her assertion regarding timeliness. First, the Plan includes a general provision that addresses *all* unsecured creditors. This provision essentially provides that all unsecured creditors with timely filed claims will receive a pro rata distribution of any money remaining from the Plan payments after the creditor holding a superior claim is paid in full. This type of catch-all provision for creditors holding unsecured claims is common in Chapter 13 plans because unsecured creditors are usually entitled to the same treatment in a confirmed plan.[7] Secondly, pursuant to 11 U.S.C. § 1327(a), Wanda is bound by the terms of the Plan "whether or not the claim of . . . [Wanda] is provided for by the plan". As a creditor with notice of the Plan, it was incumbent upon Wanda to review the Plan and raise any objection thereto at the confirmation hearing. 5 COLLIER ON BANKRUPTCY ¶ 1327.01 (15th ed. 1995) (it is "incumbent upon creditors with notice of the chapter 13 case to review the plan and object to the plan if they believe it to be improper"). Because the Plan was clear regarding how the Debtor proposed to treat the unsecured creditors and because it is undisputed that Wanda had notice of the Plan, Wanda is now bound by the terms of the Plan. Wanda may not use an untimely assertion of ineligibility as "cause" to have the case dismissed or converted. *Edmonston,* 99 B.R. at 999. THEREFORE,

IT IS ORDERED that the Motion is DENIED.

IT IS SO ORDERED, ADJUDGED AND DECREED.

---

6. Wanda cited no cases that permitted a creditor to challenge a debtor's eligibility post-confirmation after the court determined that eligibility is not jurisdictional.

7. One limited exception is in the case where there is a co-debtor obligated with the debtor on the unsecured indebtedness. In such cases, the unsecured creditor may be treated differently from the other unsecured creditors. *See Public Finance Corp. v. Freeman,* 712 F.2d 219, 222 (5th Cir.1983).