**In re John Irvin SETELIN & Theresa Lucas Setelin, Debtors.**

**Bankruptcy No. 97–33953–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Feb. 19, 1998.

---

James M. Nolan, Donna J. Hall, Michael D. Mueller, Mays & Valentine, LLP, Norfolk, VA, for Mark Moseley.

Carl M. Bates, G. Russell Boleman, III, Steven P. Richards, Boleman Law Firm, PLC, Richmond, VA, for debtors.

Robert E. Hyman, Richmond, VA, Chapter 13 Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held January 14, 1998, on the motion to dismiss debtors' bankruptcy case filed by judgment creditor Mark G. Moseley and debtors' objection to the proof of claim filed by Moseley. Moseley contends that debtors' noncontingent, liquidated, unsecured debts exceed the limitations set forth in 11 U.S.C. § 109(e) rendering them ineligible to be Chapter 13 debtors therefore dismissal for cause is appropriate under 11 U.S.C. § 1307(c). Debtors argue that Moseley waived his right to challenge § 109(e) eligibility by failing to file his motion to dismiss or object to confirmation within the 45-day period allowed by Local Rule 3015-2(D)(1). At the conclusion of hearing the court took the matter under advisement. For the reasons set forth in this memorandum opinion the court will grant the motion to dismiss which renders debtors' claim objection moot.

### Findings of Fact

On June 3, 1997, Moseley obtained a default judgment in the Circuit Court for the City of Hampton against debtor "Trapper" John Setelin and Trapper's Triangle, Inc. The judgment order outlines joint and several liability against the defendants in the amount of $225,000.00.[1]

Three days later on June 6, 1997, debtors filed this chapter 13 bankruptcy petition. Debtors' schedules did not list the debt owed to Moseley, but listed other noncontingent, liquidated, unsecured claims in the amount of $69,787.94. If added to Moseley's debt, the aggregate of debtors' noncontingent, liquidated, unsecured claims would be well over the $250,000.00 limitation set forth in 11 U.S.C. § 109(e).[2]

On June 23, 1997, debtors filed their original chapter 13 plan. Pursuant to Local Rule 3015-2(D)(1), "any objection to confirmation of a chapter 13 plan shall be filed not later than forty-five days after the filing of an original plan...." In this case, the only timely objection to confirmation was filed by the Internal Revenue Service. Hearing on the IRS's objection took place on September 10, 1997. At that hearing counsel for Moseley appeared and presented to the court Moseley's objection under § 109(e), providing a copy of the state court judgment order. Hearing on the IRS's objection was continued.

On October 21, 1997, Moseley filed a proof of claim in debtors' bankruptcy case. One day later on October 22, 1997, Moseley filed the instant motion to dismiss, indisputably outside the 45-day period for objections to plan. On December 4, 1997, debtors filed their objection to Moseley's proof of claim stating that the judgment: 1) was based on default, 2) represents part punitive and part compensatory damages, and 3) is excessive and without merit.

On December 10, 1997, the parties appeared and argued the motion to dismiss. The court continued the motion to January

---

1. The parties filed a stipulation on January 29, 1998, agreeing that the judgment of June 3, 1997, is final and not subject to appeal. Although this was one of the issues taken under advisement, the court will not consider it further in light of the parties' stipulation.

2. 11 U.S.C. § 109(e) states in pertinent part:

Only an individual ... that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,-000 ... or an individual ... and such individual's spouse ... that owe, on the date of filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $250,000 ... may be a debtor under Chapter 13 of this title.

14, 1998, to be heard in conjunction with debtors' objection to claim and the IRS objection to plan confirmation. The IRS subsequently withdrew its objection on January 7, 1998.[3] On January 14, 1998, hearing was held on the motion to dismiss and objection to claim and the court took both matters under advisement.

### Conclusions of Law

█ The issue before the court is whether Moseley waived his right to challenge debtors' eligibility under 11 U.S.C. § 109(e) by failing to file his motion to dismiss until October 22, 1997, after the 45-day plan objection period as outlined in LR 3015–2(D)(1) had passed.[4]

On its face, LR 3015–2(D)(1) is not applicable to motions to dismiss; the text speaks only of objections to plan confirmation. The court has found no cases that directly address the issue. Similarly, the bankruptcy code and rules do not place time limits on filing a motion to dismiss based on eligibility. Nowhere in 11 U.S.C. § 1307(c) is a time limit set for filing a motion to dismiss, nor is there a time limit set in 11 U.S.C. § 109(e) for determining eligibility.

There are several cases, however, that address the validity of a motion to dismiss after a chapter 13 plan has been *confirmed,* finding that confirmation may be *res judicata* to eligibility issues raised thereafter. *See In re Nikoloutsos,* 199 B.R. 624 (Bankr.E.D.Tex. 1996) (motion to dismiss filed three months after confirmation untimely); *Jones v. U.S. (In re Jones),* 134 B.R. 274 (N.D.Ill.1991) (motion to dismiss filed nineteen months after confirmation and ten months after discharge untimely); *c.f. Franklin Federal Bancorp, FSB v. Lochamy (In re Lochamy),* 197 B.R. 384 (Bankr.N.D.Ga.1995) (although mo-

tion to dismiss filed five days before confirmation, creditor's failure to raise or preserve the motion at the confirmation hearing waived right to litigate eligibility under § 109(e)).

However these cases are not similar to the situation before this court. In *In re Nikoloutsos* and *In re Jones* the creditor failed to file its motion to dismiss until after plan confirmation. In *In re Lochamy* where the motion to dismiss was filed only five days before the confirmation hearing, the plan was confirmed following hearing where the creditor failed to raise the eligibility issue. The courts in those situations found that the creditors "sle[pt] on their rights," *In re Nikoloutsos,* 199 B.R. at 627; *In re Lochamy,* 197 B.R. at 387, and "had ample opportunities to contest Debtors' eligibility but failed to do so in a timely fashion." *In re Jones,* 134 B.R. at 279.

Not so here. Moseley appeared at the September 10, 1997, confirmation hearing and brought the § 109(e) eligibility question to the court's attention. In addition, Moseley filed his motion to dismiss on October 22, 1997, within four months of the debtor's plan filing and more than three months prior to plan confirmation. This case is clearly not in the same category as the cases outlined above.

The court finds no authority for holding that a creditor must file a motion to dismiss pursuant to § 109(e) and § 1307(c) within the 45 days allowed for objections to confirmation under Local Rule 3015–2(D)(1). The local rule pertains only to objections to plan confirmation. The bankruptcy code and rules, likewise, do not lend any support. In addition, the court finds that Moseley did not "sleep on his rights" since he filed the motion

---

3. After withdrawal of the IRS's objection debtors' chapter 13 plan was routinely confirmed by order entered January 22, 1998, subsequent to this court taking under advisement Moseley's motion to dismiss and debtors' objection to claim. This confirmation has no *res judicata* effect on the court's ruling as Moseley's motion was filed, argued and taken under advisement in advance of the confirmation order which was entered without hearing.

4. There is disagreement among courts as to whether § 109(e) is jurisdictional and thus, non-

waivable. *See, e.g. In re Verdunn,* 210 B.R. 621, 623–24 (Bankr.M.D.Fla.1997) (citing cases for both points of view). Debtors argue that it is nonjurisdictional and merely delineates eligibility requirements. Moseley did not address the issue, arguing instead that he has not waived his right to challenge under § 109(e).

Because the court finds that Moseley timely filed his motion to dismiss it is unnecessary at this time to consider the issue of whether § 109(e) is jurisdictional.

to dismiss on October 22, 1997, well before confirmation. *See Lamar v. U.S. (In re Lamar),* 111 B.R. 327 (D.Nev.1990) (validating motion to dismiss filed six months after petition date). As such, the court holds that Moseley has not waived his right to challenge debtors' § 109(e) eligibility.

 Because the sum of debtors' scheduled noncontingent, liquidated, unsecured debts plus Moseley's $225,000.00 claim is greater than the $250,000.00 limitation set forth in § 109(e), debtors are ineligible for chapter 13 relief, and the motion to dismiss must be granted.