United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 4, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 03-30291
Summary Calendar

S.C. OF OKALOOSA, INC.,

Appellant,

versus

SUNNYSIDE TIMBER LLC; SUNNYSIDE LAND LLC;
WASHINGTON STATE BANCSHARES, INC.; D. CREIG BRIGNAC;
SUE S. BREIGNAC; FRANK BARNES; W. F. BARNES CORP.;
PAUL SIMS; REGIONS BANK N.A.; MERRILL LAND CO.;
BERNIE H. MERRILL; WILLIS C. MERRILL; J. COLLIER MERRILL,

Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(02-CV-2315)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

According to the parties, at issue is whether, under Louisiana law, there was an enforceable settlement agreement in an adversary action in the bankruptcy court. Instead, we lack jurisdiction.

In early 2002 the parties to this appeal were involved in settlement discussions. Some thought an agreement had been reached; others disagreed. Those who thought there was an

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement filed a motion to enforce it in the bankruptcy court. On 20 March 2002, the motion was granted. In so doing, the bankruptcy judge stated:

> For these reasons, I conclude ... that a valid agreement of compromise was entered into by and between those parties named, and identified in the Memorandum of Settlement attached to Mr. Durio's letter of February 28, 2002, identified as Exhibit 8.
>
> *The settlement, however, is without effect as to the Debtor, unless and until the Court approves the settlement after notice and a hearing.*

(Emphasis added.)

This order is interlocutory. For a bankruptcy order to be final, it must be either "a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case". ***In re Bartee***, 212 F.3d 277, 282 (5th Cir. 2000) (quotation marks omitted).

S.C. of Okaloosa, Inc. (S.C.) filed a notice of appeal with the bankruptcy court on 9 April 2002. That same day, it filed a motion for leave to appeal to the district court. It does not appear this motion was filed in district court; instead, it appears it was filed in bankruptcy court (28 U.S.C. § 158(a), governing appeals to the district court from bankruptcy court, requires that most interlocutory appeals can only be taken with leave of district court).

2

The bankruptcy judge — apparently thinking that the motion for leave to appeal was before him — signed an order on 16 April 2002 denying the motion. A few days later, he realized his error and vacated the order (19 April).

The district court never ruled on the motion for leave to appeal. Instead, it docketed the appeal in November 2002 and ruled against S.C. on 27 January 2003, stating that it did so for the reasons in the bankruptcy court's 20 March 2002 ruling. We assume that the district court gave valid, implied leave to S.C. to appeal the bankruptcy court's interlocutory order.

Our jurisdiction is controlled by 28 U.S.C. § 158(d). The instant appeal presents a *final* district court order of a *nonfinal* bankruptcy court order. Needless to say, we do not ordinarily have jurisdiction over such orders. *In re Phillips*, 844 F.2d 230, 234 (5th Cir. 1988) ("Generally, in our circuit, for the courts of appeals to have jurisdiction over an appeal, the underlying bankruptcy court order must have been final.").

*Phillips* recognized an exception to this general rule when the final district court order "cured" the non-finality of the bankruptcy court order. *Id.* at 234-35. The order granting the motion to enforce a settlement agreement was interlocutory. Therefore, at issue is whether the district court's order cured that nonfinality. If not, we lack jurisdiction. *See id.* at 235.

3

Because the district court order simply affirmed the bankruptcy court, it could not have cured the interlocutory nature of that order.

*DISMISSED*