**In re Stanley John EDMONSTON and Carla Marie Edmonston d/b/a Rollins & Edmonston Custom Harvesting, Debtors.**

Bankruptcy No. 187–03013–C–13.

United States Bankruptcy Court,
E.D. California,
Fresno Division.

Oct. 19, 1988.

Jeffrey W. Eisinger, U.S. Small Business Admin., Fresno, Cal.

Ryder & Walter, Fresno, Cal., for debtors.

M. Nelson Enmark, Fresno, Cal., Trustee.

**OPINION RE MOTION TO DISMISS PROCEEDING**

BRETT J. DORIAN, Bankruptcy Judge.

United States Small Business Administration (hereinafter "SBA") filed a motion to dismiss, asserting that the debtors were ineligible for chapter 13 relief because their unsecured debts were not less than $100,-000.00 as required by 11 U.S.C. section 109(e).

**BACKGROUND**

SBA's motion was filed approximately four months after the confirmation of the chapter 13 plan. 11 U.S.C. section 109(e) provides, in part, that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, . . . may be a debtor under chapter 13 of this title."

At the time the petition was filed the debtors listed on their schedule of creditors holding security a debt to SBA of $143,-000.00 on a single obligation, secured by collateral having a value of $25,000.00.[1] It thus appears that even the debtors acknowledge that there is debt in excess of $100,000.00 to SBA alone which is not covered by the value of SBA's collateral. Debts to other creditors of approximately $38,000.00 were listed on the schedule of creditors having unsecured claims without priority.

**DISCUSSION**

**I**

SBA argues that more than $100,000.00 of the amount owing to it is unsecured, thereby making the debtors ineligible for Chapter 13 relief. The debtors reply that the value of the collateral is immaterial to the question of eligibility under section 109(e) as the entire debt to SBA is a secured debt, none of which is to be included in applying the $100,000.00 limit.

SBA supports its position by noting that under 11 U.S.C. section 506 it has a secured claim to the extent of the value of its security and an unsecured claim for the balance, a balance which is includable in the $100,000.00 computation. The debtors assert that section 506 has to do with the determination of "claims" as opposed to "debts" and that determination of "claims"

---

1. On the schedule as filed, the debtors have transposed the amounts for "Amount of Claim" and "Market Value" but the parties have proceeded as though the amounts were correctly shown.

is a procedure which occurs much later in the administration of the case.

The debtors urge that resort to the concepts of claim determination has no place in the determination of what is essentially a threshold question of eligibility and that use of such concepts would paralyze the movement of what is intended to be prompt action on confirmation of a plan. The Chapter 13 trustee has filed points and authorities in support of the debtors' position.

Although section 109(e) has been in effect for more than nine years, there do not appear to be any controlling decisions in the Ninth Circuit dispositive of the issue presented here.

SBA relies principally on *Matter of Koehler,* 62 B.R. 70 (Bkrtcy.D.Neb.1986) where the debtors originally listed a secured creditor as being owed $173,000.00 and holding collateral valued at $57,000.00. There, as here, the issue of eligibility was raised for the first time after confirmation of the plan. The court noted that the issue could be raised at any time and that it was clear from the schedules as originally filed that the difference between the amount of the debt and the value of the security resulted in an unsecured balance in excess of the section 109(e) limit, a balance which required a finding of ineligibility for chapter 13 relief.

Debtors cite the rule set forth in *In re Morton,* 43 B.R. 215, 12 C.B.C.2d 159 (Bkrtcy.E.D.N.Y.1984), which holds that the unsecured portion of a debt as to which the creditor holds some collateral is not to be included in the $100,000.00 computation, the view being that establishment of the unsecured portion of the debt has to do with treatment of "claims" and not analysis of "debts" for purposes of section 109(e) review. The *Morton* rationale is that claims review is a procedure apart from the eligibility inquiry, an inquiry that must be made at the earliest stages of a chapter 13 case.

Interestingly both SBA and the trustee cite *Matter of Pearson,* 773 F.2d 751, 53 B.R. [14], 13 C.B.C.2d 749 (6th Cir.1985), in support of their opposing positions. In *Pearson* the creditor's claim was listed as both a secured and unsecured claim with the amount being shown as "unknown" on both schedules. Later the debtors amended their schedules and listed the entire claim as unsecured for an amount in excess of $100,000.00. The court found that the debtors in good faith could not say at the outset what the nature of the claim was, that eligibility was to be determined by the schedules as originally filed if filed in good faith, and that despite the ultimate result that the debtor was shown to have unsecured debt in excess of $100,000.00, the debtor was nevertheless eligible for relief under chapter 13.

The trustee urges that *Pearson* controls because it allows the inquiry into eligibility to stop with a review of the schedules as filed if they are prepared in good faith and because it appears to reject reliance on a section 506 analysis.

However, *Pearson* differs on its facts from the present case because the schedules as originally filed there did not even suggest that there was $100,000.00 or more of unsecured debt; and the holding in *Pearson* merely provides that if schedules filed in good faith do not on their face show $100,000.00 or more of unsecured debt, a section 109(e) inquiry will not be undertaken.[2]

The issue squarely presented, then, is whether or not a debtor liable on one or more secured claims who acknowledges in the schedules as initially filed that the secured creditor or creditors are undersecured by $100,000.00 or more can (assuming eligibility in all other respects) be accorded relief under chapter 13.

II

It is abundantly clear that the 1984 amendments to the Bankruptcy Code were intended to promote the use of chapter 13

**2.** *Pearson* also indicates that the section 109(e) question is not one of jurisdiction but merely one of eligibility for relief, as the ultimate result was that a debtor with unsecured debt in excess of $99,999.99 could nevertheless be permitted to proceed under chapter 13.

over chapter 7. It is also clear from the time limits established in proceeding to confirmation of a chapter 13 plan that confirmation should occur as expeditiously as possible (773 F.2d at 756).

*Pearson* also notes (773 F.2d at 753) that the Bankruptcy Reform Act of 1978 extended the simpler and less expensive relief of chapter 13 to individually operated small businesses which were previously required to rely solely on chapter 11, but imposed dollar limits to prevent large businesses from utilizing the advantages available under chapter 13.

In the absence of clear Congressional or appellate authority the choice must now be made between the approaches taken by the *Koehler* and *Morton* courts, the former including the unsecured portion of a creditor's claim in the $100,000.00 analysis and the latter holding that for section 109(e) purposes no part of a secured debt, whatever the disparity between the amount of the debt and the value of the collateral, is to be considered in computing the amount of the unsecured debt for purposes of chapter 13 eligibility.

The difficult, but correct choice would appear to be that of the *Morton* court. It is an approach which allows inquiry into the debtor's good faith, it avoids the undue delays which extended hearings on valuation issues could cause (especially in cases where it was not the secured creditor in question who was contesting eligibility but rather an unsecured creditor trying to force the debtor into chapter 11 rather than 13), it preserves the Congressional intent of putting chapter 13 beyond the use of large businesses because there is still the $350,-000.00 cap on secured debt, and it encourages resort to and availability of chapter 13 as opposed to chapter 7 liquidation. It also allows the debtor to be more forthright and accurate in the preparation of schedules; a contrary rule could well benefit the less scrupulous debtor and penalize the debtor following the honorable path of full and honest disclosure.

Mere eligibility does not, of course, assure relief under chapter 13. A debtor must still, within a fairly short time span, propose in good faith and obtain confirmation of a plan which represents the debtor's best efforts. The clear intent of Congress that a debtor coming within the parameters of section 109(e) be encouraged to utilize chapter 13 and the view of the *Pearson* court that 109(e) is not a jurisdictional mandate to be narrowly and strictly applied,[3] dictate that the broadest possible opportunity be given to debtors to utilize chapter 13.

The motion of SBA to dismiss this case is denied.

---

**3.** In *Pearson* the court affirmed the bankruptcy court's confirmation of the plan even though it was clearly established *prior* to confirmation that the debtors' unsecured debts exceeded $100,000.00.