**In re James A. BOS, Lois Bos, Debtors.**

**Bankruptcy No. 89–11065–013.**

United States Bankruptcy Court, D. Montana.

Dec. 27, 1989.

Victoria Francis, Billings, Mont., for debtors.

Doug James, Billings, Mont., for First Bank.

Jere N. Morris, Billings, Mont., Trustee.

Neal G. Jensen, Asst. U.S. Trustee, Great Falls, Mont.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 27th day of December, 1989.

In this Chapter 13 case, a hearing was held November 9, 1989, on confirmation of the Debtors' Chapter 13 Plan, together with the objections of the Chapter 13 Trustee. The Trustee objects to confirmation on the grounds that the Debtors are ineligible for Chapter 13 relief under § 109(e) of the Code because they have noncontingent, liquidated, unsecured debts of more than $100,000.00. The Debtors resist the objection on the grounds the claim of a major secured creditor should not be bifurcated into secured and unsecured claims under § 506(a) of the Code. At the conclusion of the hearing, the Court granted the Debtors ten (10) days to file a memorandum in support of their eligibility for Chapter 13 relief. The Debtors filed their memorandum on November 21, 1989. Subsequently, a Memorandum in Support of Dismissal under § 109(e) has been filed by First Bank, a creditor of the estate.

Eligibility for Chapter 13 relief is governed by 11 U.S.C. § 109(e), which states: "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000.00 and noncontingent, liquidated, secured debts of less than $350,000.00, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000.00 and noncontingent, liquidated, secured debts of less than $350,000.00 may be a debtor under Chapter 13 of this title."

The Debtors' Schedules, as amended, reflect unsecured debt of $1,115,247.70, of which $76,576.78 is listed as noncontingent, liquidated and $1,038,671.00 is listed as contingent. No evidence was presented regarding the $1,038,671.00 contingent debt and, as such, it will not be considered by this Court for the purposes of Chapter 13 eligibility. The Debtors' Schedules set forth secured debt of $279,800.00 which is secured by collateral which the Debtors value at $201,700.00. The Trustee and First Bank assert that the difference between the Bank's collateral and secured claim ($78,100.00) should be treated as unsecured debt for a § 109(e) eligibility determination, while the Debtors contend the entire debt should be treated as secured. Accordingly, the issue before the Court is whether the amount of secured debt, above the value of the security, should be included as unsecured debt in calculation of the $100,000.00 unsecured debt limitation of 11 U.S.C. § 109(e).

The issue presented has been decided both ways by the courts. *Compare, In re Morton,* 43 B.R. 215 (Bankr.E.D.N.Y. 1984) holding that the unsecured portion of a secured claim is not included in a § 109(e)

eligibility determination, with *In re Matter of Day,* 747 F.2d 405 (7th Cir.1984), applying § 506 of the Code, holding the unsecured portion of a secured claim is included in a § 109(e) determination. There is no Ninth Circuit case on point. I conclude the better reasoned view should follow the *Matter of Day* rationale and include the unsecured portion of a secured debt in the § 109(e) determination, where timely objection to eligibility is raised before confirmation of the Chapter 13 Plan. As the Seventh Circuit explained in *Day,* supra, citing cases of *In re Bobroff,* 32 B.R. 933 (Bankr. E.D.Pa.1983) and *In re Ballard,* 4 B.R. 271 (Bankr.E.D.Va.1980):

> "These decisions avoid the temptation to raise form over substance and represent a common-sense solution to a statutory interpretation problem not considered by Congress. As cited in *Ballard,* supra, a contrary interpretation of section 109(e) could lead, at the limit, to the absurd situation where a prospective Chapter 13 debtor with $449,998 in unsecured debts creates a security interest for $349,999 in property with little or no value. If courts cannot look beyond the mere existence of documents creating such an interest, this maneuver produces secured debts of $349,999 and unsecured debts of $99,999—amounts within section 109(e). Surely Congress did not intend for debtors to so easily circumvent the $100,000 limitation on unsecured debts in Chapter 13 proceedings."

*See,* also, *U.S. v. Edmonston,* 99 B.R. 995, 999 (D.E.D.Cal.1989) adopting the majority view in dicta. Moreover, there are other policy reasons to apply § 506(a) at the outset of the case when eligibility is questioned. Under § 1325, dealing with confirmation standards, except for home mortgages, the secured claimant is entitled only to the present value of its claim, as of the effective date of the Plan, and it is on the present value basis fixed under § 506(a) the claim may be restructured. It would defy fair play to allow a Debtor to assert that, as in this case, for eligibility requirements, the secured claim is valued at $279,-800.00, while for repayment upon confirmation under § 1325(a)(5), the claim will be repaid at $201,700.00. To allow such inconsistent treatment of a claim in the same case leads to an absurd result, which is not compatible with Congressional intent and proper statutory interplay of Chapter 13 and § 506(a).

 In this case, the Debtors' Schedules show that $78,100.00 of his secured debt is unsecured. As such, adopting the majority view as set forth in *Matter of Day,* this Court finds that the $78,100.00 should be included as unsecured debt when determining Chapter 13 eligibility pursuant to § 109(e). When the $78,100.00 is included, the Debtors' noncontingent, liquidated, unsecured debt is $154,676.78. Accordingly, the Debtors are not eligible for Chapter 13 relief.

IT IS ORDERED that the Debtors' Chapter 13 case is dismissed on the grounds that the Debtors are not eligible for Chapter 13 relief pursuant to § 109(e).