In re John E. DALLY, Debtor.

In re Irma DALLY, Debtor.

Bankruptcy Nos. 5–89–00816,
5–89–00817.

United States Bankruptcy Court,
D. Connecticut.

Feb. 22, 1990.

Edward F. Kunin, Bridgeport, Conn., for debtors.

Linda M. Young, Day, Berry & Howard, Hartford, Conn., for Dime Sav. Bank of New York, FSB.

## MEMORANDUM AND ORDER ON MOTIONS TO DISMISS UNDER CODE § 109(e)

ALAN H.W. SHIFF, Bankruptcy Judge.

The Dime Savings Bank of New York, FSB ("Dime") moves to dismiss these chapter 13 cases. For the reasons that follow, the motions are granted.

### BACKGROUND

On July 7, 1989, the debtors, who are married, filed separate petitions under chapter 13 of the Bankruptcy Code. The chapter 13 statement in each case lists three secured, "disputed" debts: a $230,-000.00 first mortgage, dated September 17, 1985, held by Dime; a $119,000.00 second mortgage, dated January 1, 1987, held by State Street Mortgage Co. ("State Street"); and a $78,000.00 third mortgage, held by Gorbach Properties, Inc. ("Gorbach"). Each statement also lists eight unsecured claims which total $13,203.20.[1]

The debtors claim that they rescinded the mortgages with State Street and Gorbach on July 17, 1989 and that they rescinded the Dime mortgage on September 14, 1989. They argue that the effect of those rescissions was to eliminate those debts from inclusion in the computation of secured debts for chapter 13 eligibility under Code § 109(e). Dime, on the other hand, claims that the debtors' noncontingent, liquidated, secured debts at the time of the petition exceeded $350,000.00 in each case, so that they are not eligible to be chapter 13 debtors. In support of that claim, Dime argues

---

1. The parties have treated the debts as though each of the debtors is liable for 100% of each debt.

that the eligibility requirements of § 109(e) should be strictly construed and that disputed debts should not be eliminated from the computation.

## DISCUSSION

A large portion of the memoranda filed by Dime and the debtors addresses the question of whether a disputed debt should be included in the § 109(e) calculation. A majority of courts have held that a debt is not rendered unliquidated because it is disputed and that disputed debts are included in the chapter 13 eligibility computation. *E.g., In re Crescenzi,* 69 B.R. 64, 65–66 (S.D.N.Y.1986); *Craig Corp. v. Albano (In re Albano),* 55 B.R. 363, 365–68 (N.D.Ill.1985); *Vaughan v. Central Bank of the South (Matter of Vaughan),* 36 B.R. 935, 938–39 (N.D.Ala.1984), *aff'd,* 741 F.2d 1383 (11th Cir.1984); *Sylvester v. Dow Jones and Co., Inc.,* 19 B.R. 671, 672–74 (9th Cir. BAP 1982); *In re Pulliam,* 90 B.R. 241, 244–46 (Bankr.N.D.Tex.1988). A minority have held that disputed debts should not be included in the eligibility calculation. *E.g., In re Lambert,* 43 B.R. 913, 917–24 (Bankr.D.Utah 1984). Because I conclude that there was no effective dispute as of the petition date, I need not answer that question. As noted, the schedules filed with debtors' petitions listed the mortgages as "disputed". A naked assertion that a claim is disputed cannot be the basis for eliminating debts from a § 109(e) calculation. To hold otherwise would render § 109(e) meaningless.

Bankruptcy Code § 109(e) provides in part:

Only an individual with regular income that owes, *on the date of the filing of the petition,* noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 . . . may be a debtor under chapter 13 of this title.

(Emphasis added). The plain language of § 109(e) states that the amount and nature of a chapter 13 petitioner's debt is established as of the date of the filing of the petition. *See also Comprehensive Accounting Corp. v. Pearson (Matter of Pearson),* 773 F.2d 751, 756 (6th Cir.1985); *Brockenbrough v. Commissioner, Internal Revenue Serv.,* 61 B.R. 685, 687 (W.D. Va.1986); *In re Hughes,* 98 B.R. 784, 788 (Bankr.S.D.Ohio 1989); *In re Clark,* 91 B.R. 570, 573 (Bankr.D.Colo.1988). For the following reasons, I conclude that as of the petition date the secured debts in each case exceeded the amount specified in § 109(e).

The federal Truth in Lending Act gives an obligor three years to rescind a consumer credit transaction in which a security interest is created in the obligor's home if a lender fails to make the required material disclosures. 15 U.S.C.A. § 1635(a), (f) (West 1982).[2] 15 U.S.C. § 1635(b) provides in part:

When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission.

The debtors exercised their rights of rescission under § 1635 with respect to the second and third mortgages ten days after the commencement of these cases. They exercised their right to rescind the first mortgage two months post-petition. Apart from whether the rescissions created a bona fide dispute post-petition, the fact is that on the petition date the liability of each debtor to secured creditors was liquidated and noncontingent. *See In re Hutchens, supra,* 69 B.R. at 811.

## CONCLUSION

At the time the debtors filed their chapter 13 petitions they each had liquidated, noncontingent, secured debts in the aggregate amount of $427,000.00, they were not eligible to be chapter 13 debtors, their

**2.** Connecticut General Statutes § 36–393b(a) provides:

Except as otherwise provided in this chapter or regulations adopted by the commission-

er, any person shall comply with all the provisions of the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.) which apply to him.

cases are DISMISSED, and IT IS SO OR-
DERED.