**In re William JEROME and Dana Markus, Debtors.**

**Bankruptcy No. 89 B 20503.**

United States Bankruptcy Court, S.D. New York.

March 29, 1990.

Jeffrey L. Sapir, Hartsdale, N.Y., for debtors.

Julian Alan Schulman, Suffern, N.Y., for 53 West 72nd Realty Assoc.

## DECISION ON MOTION FOR AN ORDER DISMISSING CASE PURSUANT TO SECTIONS 1307(c) AND 109(e)

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

As an undersecured creditor in this Chapter 13 case, 53 West 72nd Street Realty Associates ("Realty Associates") has moved for an order pursuant to 11 U.S.C. §§ 1307(c) and 109(e) dismissing this Chapter 13 case because the debtors' noncontingent, liquidated, unsecured debts exceed the $100,000.00 jurisdictional restriction prescribed in 11 U.S.C. § 109(e). The debtors, William Jerome and his wife, Dana Markus, filed a joint Chapter 13 case with this court on August 16, 1989. In their schedules, as amended, they list their total secured debts as $97,547.57. Their noncontingent, liquidated, unsecured debts are listed in the amended schedules as totalling $102,691.01. However, the debtors have pending an objection to one of the claims which they believe will reduce their total noncontingent, liquidated, unsecured debts.

The debtors' noncontingent, liquidated, unsecured debts are specified as follows:

| | |
|---|---|
| Philip Pilevsky—judgment | $61,505.49 |
| Philip Pilevsky—disputed | 34,025.72 |
| Tiffany Funding Company— disputed | 7,159.80 |

Notwithstanding the debtors' listing of unsecured claims in their schedules, the $61,505.49 judgment is a docketed lien against the debtors' real estate and residence in Rhinebeck, New York, which they state in their schedules is valued at $130,-000.00. Using the debtors' valuation fig-

ure of $130,000.00, less their $20,000.00 homestead exemptions and minus the $86,000.00 mortgage which they list in their schedules, the debtors have a $24,000.00 equity in their home. By applying the $61,505.00 docketed judgment against this equity, there remains an undersecured balance on the judgment in the sum of $37,505.49, which should be added to the listed unsecured claims of $34,025.72 and $7,159.80, for a total of $78,691.01.

If this were all that the schedules revealed, it would be clear that the debtors were eligible to file a Chapter 13 case. However, the $61,505.49 judgment listed as entered by Philip Pilevsky is only part of the story. Apparently, Philip Pilevsky is one of the partners in Realty Associates which has filed a proof of claim against the debtors in the sum of $168,658.26. Therefore, by deducting the judgment of $61,505.49 from Realty Associates' claim of $168,658.26 there is an unsecured deficiency of $107,152.77, which should be added to the $37,505.47 unsecured portion of the judgment, for a total unsecured, noncontingent, liquidated debt of $144,658.26.

The Realty Associates' claim is based on a judgment for rent through November 30, 1988, which arose under a written lease between the debtors and Realty Associates for a business space at 176 Spring Street, New York, New York. The debtors leased this space for the purpose of carrying on a retail business for the sale of designer clothes. The lease ran for ten years at gradually increasing rentals commencing with $6,500.00 monthly and increasing to $9,146.15 per month in the tenth year.

■ The unpaid rent judgment against the debtors covered rent due through November 30, 1988. Thereafter, the unpaid monthly figures through November, 1989, when Realty Associates recovered possession, amounted to $143,181.81, together with interest to the date of the petition, resulting in an unsecured liability of $148,658.26. Although the proof of claim filed by Realty Associates is disputed, and the debtors have filed an objection to this claim, the proof of claim, which was executed and filed in accordance with the

Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim in accordance with Bankruptcy Rule 3001(f). Thus, notwithstanding the debtors' objection to Realty Associates' proof of claim, until a contrary determination is made, the proof of claim has the same *prima facie* effect as if the debtors had expressly scheduled the claim as a disputed debt.

■ Although the debtors recognized their liability under the lease with Realty Associates to the extent of the judgment against them, they failed to schedule the balance of the amounts owed under the lease for the periods after the entry of the judgment in the belief that they were no longer personally responsible for rent after they allegedly assigned the lease to a corporation on or about March 6, 1985. Manifestly, the assignment of a tenant's leasehold interest, even with the landlord's consent, does not by itself extinguish the tenant's liability under the lease. "In the absence of an express agreement by which the landlord releases its primary tenant of such liability, the primary tenant's obligation for the full rent is not extinguished." *King World Productions, Inc. v. Financial News Network, Inc.,* 660 F.Supp. 1381 at 1387 (S.D.N.Y.1987), *aff'd* 834 F.2d 267 (2d Cir.1987) [Edward Weinfeld, D.J., citing *Goldome v. Bonuch,* 112 A.D.2d 1025, 493 N.Y.S.2d 22 (2d Dept. 1985), and *Iorio v. Superior Sound, Inc.,* 49 A.D.2d 1008, 374 N.Y.S.2d 76 (4th Dept. 1975) ].

### DISCUSSION

In determining eligibility to file a Chapter 13 case, reference must be had to 11 U.S.C. § 109(e), which provides:

(e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontin-

gent, liquidated, unsecured debts that aggregate less than $100,000 and non-contingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

■ A dispute regarding liability or the amount of a claim does not cause a debt to be regarded as unliquidated because Congress provided that eligibility for Chapter 13 relief is based on the status of a potential Chapter 13 debtor on the date of filing the petition and not after a hearing on the merits of the claims. *Comprehensive Accounting Corporation v. Pearson (In re Pearson)*, 773 F.2d 751, 756 (6th Cir.1985).[1] The debtors' schedules reflect that they were personally liable for the rent liability incurred under the commercial lease with Realty Associates, as evidenced by the docketed judgment against them. The debtors' omission of their subsequent liability for monthly rent in the mistaken belief that their assignment of the lease to a corporation eliminated further personal liability does not detract from the fact that Realty Associates possessed a claim against them for rent which accrued in the months following the periods covered by the judgment. Their status for eligibility purposes under Chapter 13 was ascertainable as of the date they filed their Chapter 13 petition. The fact that Realty Associates held a claim against the debtors for unpaid rent under the lease which they assigned to a corporation, is evidenced by the proof of claim which Realty Associates filed against them in this case. Simply because the debtors dispute the amount of the claim does not erase the point that as of the date they filed their Chapter 13 petition, Realty Associates had a claim against the debtors for unpaid rent in this claim because in March of 1985, they commenced an action in the Supreme Court, New York County, for a declaratory judgment that the assignment released them from further liability under the lease. By stipulation in a summary proceeding between the debtors and Realty Associates, the debtors discontinued the Supreme Court action, with prejudice. Hence, the debtors' failure to schedule the balance of the disputed rent claim does not enhance their eligibility for Chapter 13 relief because the amount of claims asserted against them when they filed their Chapter 13 petition was then known or ascertainable by the debtors in the exercise of good faith. Clearly, the debtors could have considered that their unsecured liability to Realty Associates was at least in dispute and could have reasonably amounted to more than $100,000.00. The court must look realistically at the state of the debtors' affairs when they filed their Chapter 13 petition. *See Comprehensive Accounting Corporation v. Pearson (In re Pearson)* 773 F.2d at 758.

■ Consideration should also be given to the fact that a portion of Realty Associates' claim was secured by the debtors' real estate as a result of the docketing of the judgment. It is now settled law that pursuant to 11 U.S.C. § 506(a), the secured debt above the value of the security should be included as an unsecured debt in calculation of the $100,000.00 unsecured debt limitation under 11 U.S.C. § 109(e). *In re Day*, 747 F.2d 405 (7th Cir.1984); *U.S. v. Edmonston*, 99 B.R. 995 (E.D.Cal.1989); *In re Bos*, 108 B.R. 740 (Bankr.D.Mont.1989).

The reason for allowing courts to look beyond schedules and petitions is to prevent a debtor from circumventing the rules. If the court could not examine the value of the collateral, a debtor could file unsecured debt of $99,999, an amount within section 109(e) limitations, without the creditors being able to dismiss the Chapter 13.

*U.S. v. Edmonston*, 99 B.R. at 999.

■ This court need not wait until the debtors' objection to the amount of Realty

---

1. Although a disputed claim is included when determining the status of a potential Chapter 13 debtor pursuant to 11 U.S.C. § 109(e), a claim, for purposes of filing an involuntary petition, must not be disputed. As set forth in 11 U.S.C. § 303(b)(1), "[a]n involuntary case against a person is commenced by the filing ... of a petition under Chapter 7 or 11 of this title by three or more entities each of which is either a holder of a claim against such person that is not ... the subject of a bona fide dispute ...".

Associates' proof of claim is determined because a disputed, unsecured claim is not excluded from the process of calculating the $100,000.00 limitation.

We therefore also agree with the bankruptcy judge ... that the fact that some later resolution of the conflict might render more certain the precise nature of the debt itself and the extent to which it is ultimately found to be secured is relatively immaterial in determining the debtors' financial condition and Chapter 13 eligibility on the date the petition was filed.

*Comprehensive Accounting Corporation v. Pearson (In re Pearson),* 773 F.2d 751 at 758.

## CONCLUSIONS OF LAW

1. This court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a) to make a determination with respect to the creditor's motion to dismiss this Chapter 13 case. Such determination is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B).

2. The debtors are ineligible to be debtors under Chapter 13 of the United States Bankruptcy Code because their noncontingent, liquidated, unsecured debts when they filed their Chapter 13 petition exceeded the $100,000.00 limitation expressed in 11 U.S.C. § 109(e), including those debts which are disputed by the debtors.

3. The motion of 53 West 72nd Street Realty Associates for an order pursuant to 11 U.S.C. §§ 109(e) and 1307(c) dismissing this Chapter 13 case because the debtors are ineligible for Chapter 13 relief, is granted.

SETTLE ORDER on notice.